IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGE GONZALES and SHIRLEY GONZALES,

    Plaintiffs,

    vs.                                                                                                                         No. CIV 98-1150 JC/JHG

PENNZOIL PRODUCTS COMPANY, SPRAYON
PRODUCTS DIVISION, SHERWIN-WILLIAMS
DIVERSIFIED BRANDS, INC., THE SHERWIN-
WILLIAMS COMPANY and CSK AUTO, INC.,
d/b/a CHECKER AUTO PARTS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiffs' Motion for Remand to State District Court *(Doc. 9)*, filed November 4, 1998. The Court has reviewed the motion, the memoranda submitted by the parties, the pleadings and the relevant authorities. The Court finds that Plaintiffs' motion is not well taken and will be denied.

**I.**     **Factual Background**

Plaintiffs seek damages for personal injuries they allegedly suffered from the use of "Gummout Carb and Choke Cleaner." Plaintiffs filed their original complaint in the Fourth Judicial District Court for the County of San Miguel, State of New Mexico, on May 28, 1997. The original complaint names Pennzoil Products Company and CSK Auto, Inc., d/b/a/ Checker Auto Parts, as defendants. In the course of discovery, Plaintiffs learned that Sprayon Products Division manufactured the carburetor cleaner that is the subject of the suit. Plaintiffs filed a First Amended Complaint on March 30, 1998, adding Sprayon Products Division as a defendant. Upon further

investigation, Plaintiffs learned that Sprayon merged with Sherwin-Williams Company and that Sherwin-Williams Diversified Brands, Inc., is the successor corporation to Sprayon. Plaintiffs were granted leave to file a second amended complaint, which Plaintiffs filed on July 31, 1998.

The Second Amended Complaint was served on Defendants Sherwin-Williams Company and Sherwin-Williams Diversified Brands, Inc., on August 17, 1998 and August 19, 1998, respectively. On September 18, 1998, Defendant Sherwin-Williams Diversified Brands, Inc. removed this action to this Court. The First and Second Amended Complaints present the same causes of action as the original complaint. All parties agree that the cause of action was removable as originally filed.

## II.     Analysis

Plaintiffs object to the removal on the grounds that the removal is untimely. Plaintiffs claim that the express language of the removal statute, 28 U.S.C. § 1446(b), prohibits removal of cases where jurisdiction derives solely from diversity of citizenship more than one year after the action was commenced. Defendants claim that the one-year time limit is inapplicable to this case because the case was removable as originally filed.

The timing requirements for filing a notice of removal are provided in 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The requirement that a removal notice be timely is mandatory and is strictly construed, but it is not jurisdictional. *See McCain v. Cahoj*, 794 F. Supp. 1061, 1062 (D. Kan. 1992); *First Nat'l Bank & Trust Co. v. Nicholas*, 768 F. Supp. 788, 790 (D. Kan. 1991). *Cf. Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998) (removal is a purely statutory right, and federal courts of limited jurisdiction should construe removal statutes strictly) .

Two federal circuit courts have held recently that the one-year limitation does not apply to cases that were removable when originally filed. *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 878 (5th Cir. 1998); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1315 (9th Cir. 1998). In both of these cases, the plaintiffs filed suits that were removable but did not serve the defendants until a year had passed. Both courts held that the actions could be removed more than one year after filing, so long as the notice of removal is filed within thirty days after the defendant receives notice of the suit. Plaintiffs cite no appellate authority to the contrary.[1] In view of the unfairness that would result if plaintiffs were allowed to thwart removal by withholding service, I conclude that the Fifth and Ninth Circuit rule is the correct one.

Plaintiffs' Motion for Remand raises only one objection to removal, i.e., the one-year limitation of 28 U.S.C. § 1446(b). Plaintiffs might have raised other objections to the removal procedure, such as whether service of the Second Amended Complaint on Defendant Sherwin-Williams Company on August 17, 1998 prevented Defendant Sherwin-Williams Diversified Brands, Inc., from removing the case on September 18, 1998 or whether the original defendants were

---

[1] Dicta in *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, ___, 117 S. Ct. 467, 473 (1996), is not contrary authority because the action in *Caterpillar* was not removable when originally filed. Therefore, the Supreme Court did not have the factual scenario of an initially removable case before it when it recited the statutory language that no case may be removed more than one year after commencement of the action.

precluded from consenting to the removal due to their failure to remove the original complaint. Plaintiffs have waived these issues by failing to raise them within thirty days after the notice of removal was filed. *See* 28 U.S.C. § 1447(c). These issues were not briefed by the parties, and I need not raise them because they do not deprive this court of subject matter jurisdiction. *See First Nat'l Bank & Trust Co.*, 768 F. Supp. at 790.

Wherefore,

**IT IS ORDERED** that Plaintiffs' Motion for Remand to State District Court *(Doc. 9)*, filed November 4, 1998 is **denied.**

DATED this 2nd day of December, 1998.

*/s/ John Edwards Conway*
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:

    Daniel R. Rubin, Paul D. Mannick
    Coppler & Mannick, P.C.
    Santa Fe, New Mexico

Counsel for Defendants The Sherwin-Williams Co. &
Sherwin-Williams Diversified Brands, Inc.:

    Dean Constantine
    Constantine & Thomas, P.C.
    Albuquerque, New Mexico

Counsel for Defendants Pennzoil Products Co. and CSK Auto, Inc.:

    Grey Handy
    Comeau, Maldegen, Templeman & Indall, L.L.P.
    Santa Fe. New Mexico

    Patrick J. Christmas, II
    Akin, Gump, Strauss, Hauer & Feld, L.L.P.
    Washington, D.C.